CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 05 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE BARKSDALE, ) <br> Petitioner, ) | Civil Action No. 7:06CV00158 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACY S. RAY, WARDEN, ) <br> Respondent. ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Donald Wayne Barksdale, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barksdale challenges the validity of his convictions in the Circuit Court for the County of Pittsylvania. For the following reasons, Barksdale's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

Barksdale pled guilty to two counts of robbery and one count of grand larceny on February 18, 1994. On February 24, 1994, Barksdale was sentenced to a total term of imprisonment of fifty years.

Barksdale alleges that his mother attempted to purchase the transcript from his guilty plea hearing in 1996. However, she was incorrectly informed that the transcript would cost in excess of $400.00. Barksdale's mother ultimately paid $30.00 for the transcript in March of 2004. Barksdale alleges that his mother would have purchased the transcript sooner had she known the correct cost. Barksdale further alleges that even after his mother paid for the transcript, the Circuit Court refused to forward it to him. Barksdale did not obtain the transcript until June 10,

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

2004, after he filed a petition for writ of mandamus in the Supreme Court of Virginia.

On April 21, 2005, Barksdale filed a petition for writ of habeas corpus in the Circuit Court. The petition was dismissed as untimely, pursuant to Virginia Code § 8.01-654(A)(2), on August 1, 2005. Barksdale appealed the dismissal of the petition to the Supreme Court of Virginia. On January 25, 2006, the petition for appeal was refused.

Barksdale executed the instant petition on March 19, 2006. The petition includes the following claims: (1) the indictments for robbery were defective; (2) Barksdale's guilty plea was invalid because he did not understand the nature of the charges against him; (3) Barksdale was denied effective assistance of counsel in conjunction with his guilty plea; and (4) he is actually innocent.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Barksdale was sentenced on February 24, 1994. Because he did not appeal his convictions or sentence, they became final on March 28, 1994, the date on which his time to appeal expired.[2] Because his convictions became final before the enactment of the AEDPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Since Barksdale did not execute the instant petition until March 19, 2006, the petition is clearly untimely under § 2244(d)(1)(A).[3]

In an attempt to avoid dismissal, Barksdale relies on § 2244(d)(1)(D). Barksdale argues that he did not discover the factual predicate of his present claims until June 10, 2004, the date on which he obtained the transcript of his guilty plea hearing. However, this argument is unpersuasive. "Possession of a transcript ... is not a condition precedent to the filing of [post-

---

[2] Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Barksdale had thirty days to file a notice of appeal. The thirty-day period expired on March 26, 1994. However, because March 26, 1994 was a Saturday, Barksdale had until the following Monday, March 28, 1994, to file a notice of appeal. See Va. Code § 1-210(B) ("When the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday, or any day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly, the act may be performed on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly.").

[3] Barksdale alleges that he filed a petition challenging his convictions in the Circuit Court on April 21, 2005. Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Barksdale allegedly filed his state petition.

3

conviction] proceedings." Gassler v. Bruton, 255 F.3d 492 (8th Cir. 2001). Barksdale could have consulted his own memory as to his understanding of the nature of the charges against him, the sufficiency of the evidence to support his convictions, and the effectiveness of his attorney's representation. See United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Surely due diligence requires that Battles at least consult his own memory of the trial proceedings. His decision not to do so does not bespeak due diligence."). Moreover, Barksdale fails to explain why he waited until 1996 to attempt to obtain the transcript, and there is no indication that he made any subsequent attempts to obtain the transcript between 1996 and 2004. For these reasons, I am unable to conclude that Barksdale is entitled to statutory tolling under § 2244(d)(1)(D).

As a result, Barksdale's petition must be dismissed unless he demonstrates some ground for equitable tolling.[4] Barksdale argues that he is entitled to equitable tolling because he is actually innocent. Neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has held that an actual innocence claim is sufficient to warrant equitable tolling. Even if I were to recognize actual innocence as a ground for equitable tolling, Barksdale's actual innocence argument fails. "In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 243-244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) (emphasis added). The only new evidence offered by Barksdale is his own affidavit, signed on November 15, 2005, and an affidavit signed by his sister on December

---

[4]The petitioner has not alleged anything to support the court's reliance on § 2244(d)(1)(B) or (C).

4

21, 2004. Since this evidence was certainly available to Barksdale prior to the expiration of the one-year period of limitation, Barksdale's actual innocence claim is insufficient to warrant equitable tolling. See Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (explaining that equitable tolling is "only" appropriate when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (holding that an actual innocence claim will not equitably toll the period of limitation for filing a habeas petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitation.").

For the reasons stated, Barksdale's petition must be dismissed.[5] The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 5th day of May, 2006.

*Senior United States District Judge*

---

[5] Having reached this decision, Barksdale's motion to proceed in forma pauperis and his motion for discovery will be dismissed as moot.